JOHN ZIEGLER, Appellant, *v.* GEORGE W. PEARSALL and Another, as Executors, etc., of ELIZABETH B. BRUSH, Deceased, Respondents.

*Action for services rendered a decedent — judge's charge as to the interest of a witness.*

Upon the trial of an action brought to recover for services claimed to have been rendered to a testatrix in her lifetime, the services were alleged to have been rendered by a Mrs. Harris, and the most important witness called by the plaintiff,

the assignee of the claim, to prove that the services had been rendered, was.
Mrs. Harris' daughter.
The judge, in commenting upon the evidence, stated that Miss Harris was natu-
rally interested in her mother's claim, to which remark an exception was taken.
*Held,* that although, strictly speaking, such remark might have been an error, it.
was not such an error as would prejudice the plaintiff when the substance and
intent of the charge was that the jury were at liberty to pass upon the credi
bility of the testimony.

APPEAL by the plaintiff, John Ziegler, from a judgment of the
Supreme Court in favor of the defendants dismissing the plain-
tiff's complaint, entered in the office of the clerk of the county of
Kings on the 16th day of December, 1893, upon the verdict of a
jury rendered after a trial at the Kings County Circuit, and also
from an order entered in said clerk's office denying the plaintiff's
motion for a new trial made upon the minutes.

*Simon Sultan,* for the appellant.

*James C. Church,* for the respondents.

PRATT, J.:

We have examined this case with great care, and have arrived at
the conclusion that it was rightly decided at the Circuit upon the
merits.

The evidence was conflicting, but it presented a case that a jury
might well regard as having no foundation in justice or equity.

There is only one exception that requires any comment. The
claim was for services rendered a testatrix in her lifetime which had
been assigned to the plaintiff. The assignor was a Mrs. Harris, who
claimed to have rendered the services, and the most important wit-
ness to prove the services was Miss Harris, her daughter.

The judge in commenting on the evidence, stated that Miss Har-
ris was naturally interested in her mother's claim, to which remark
an exception was taken. Strictly speaking, perhaps that was error,
but we cannot see that the plaintiff was prejudiced thereby; on the
contrary, it clearly appears that he was not prejudiced.

The substance and intent of the charge was that the jury were at
liberty to pass upon the credibility of the testimony, which was.
entirely proper.

Taking into consideration her cross-examination and the evidence of the defendants, it was a case that had to be submitted to the jury and the credibility of her testimony passed upon. There was no possibility that the words used by the judge could have misled the jury, as all the facts as to her relation to the parties and the case were fully developed, and were understood by the jury.

The charge was not that Miss Harris was interested in the result of the suit, but was a remark simply to call attention to her relation to the principal party to the claim; in truth, she was naturally interested for her mother, but not pecuniarily interested, and no intimation of the latter kind was suggested by the charge.

The whole charge, taken together, was correct and important, and the verdict evidently just.

The claim for rent was equally without foundation; as matter of fact testatrix never occupied the room at all, and upon assignee's own showing the room was given up on the twentieth of April, at least eight weeks before the termination of said alleged letting, but only three weeks' credit was allowed upon the bill. This transaction seems to characterize somewhat the motives of the assignor in making up her claims.

The verdict was just and the judgment and order must be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.